**IN THE UNITED STATES DISCTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ANTHONY KEMP<br>20 W. Phil Ellena Street<br>Philadelphia, PA 19119<br><br>Plaintiff,<br><br>v.<br><br>IRON MOUNTAIN, INC.<br>d/b/a IRON MOUNTAIN<br>85 New Hampshire Avenue, Suite 150<br>Portsmouth, NH 03801<br><br>Defendant. | : | CIVIL ACTION<br><br>CASE NO.:<br><br>**JURY TRIAL DEMANDED** |

**CIVIL ACTION COMPLAINT**

Anthony Kemp, (*hereinafter* referred to as "Plaintiff") by and through his undersigned counsel, hereby avers as follows:

**INTRODUCTION**

1. Plaintiff has initiated this action to redress violations by Iron Mountain, Inc. d/b/a Iron Mountain ("Defendant") of the Americans with Disabilities Act, as amended ("ADA" - 42 USC §§ 12101, et. seq.), the Family and Medical Leave Act ("FMLA" - 29 U.S.C. §2601 et seq.), Pennsylvania common law, and the Pennsylvania Human Relations Act ("PHRA").[1] Plaintiff asserts, *inter alia*, that he experienced unlawful workplace discrimination and retaliation,

[1] Plaintiff's claims under the PHRA are referenced herein for notice purposes. He is required to wait one full year before initiating a lawsuit from date of dual filing with the EEOC. Plaintiff must, however, file his lawsuit in advance of same because of the date of issuance of his federal right-to-sue letter under the ADA. Plaintiff's PHRA claims will identically mirror his claims under the ADA.

culminating in his termination from Defendant. As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

**JURISDICTION AND VENUE**

2. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws.

3. There lies supplemental and/or ancillary jurisdiction over Plaintiff's future state-law claims, as they arise out of the same common nucleus of operative fact(s) as Plaintiff's federal claims asserted herein.

4. This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction in order to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the *United States Supreme Court in International Shoe Co. v. Washington*, 326 U.S. 310 (1945) and its progeny.

5. Pursuant to 28 U.S.C. §1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

6. Plaintiff filed a Charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff has properly exhausted his administrative proceedings before initiating this action by timely filing his Charge with the EEOC, and by filing the instant lawsuit within 90 days of receiving a right-to-sue letter from the EEOC.

## PARTIES

7. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

8. Plaintiff is an adult, with an address as set forth in the caption.

9. Defendant is a global information management and secure storage company with a headquarters listed at the above-captioned that provides services across the United States, including Pennsylvania, with a location based out of 2500 Henderson Drive, Sharon Hill, Pennsylvania 19079.

10. At all times relevant herein, Defendant acted by and through their agents, servants, and/or employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## FACTUAL BACKGROUND

11. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

12. On or about April 9, 2025, Defendant hired Plaintiff as a Truck Driver based out of its 2500 Henderson Drive, Sharon Hill, PA 19079, location.

13. In this role, Plaintiff was supervised by Transportation Supervisor, Shane Dougherty ("Dougherty"), and Operations Manager / General Manager, Doug Rayment ("Rayment").

14. During the course of his employment with Defendant, Plaintiff was a hard-working employee who performed his job well and was not subject to any form of performance based corrective discipline.

15. On or about February 12, 2026, Plaintiff suffered a workplace accident while trying to lift a pallet full of office chairs resulting in nerve damage that caused disabilities to his back.

16. Plaintiff's disabilities to his back limit his ability (at times) to move, bend, lift, and/or work.

17. Plaintiff immediately reported his workplace accident to Defendant's management who directed him to receive treatment at Defendant's workers' compensation ("WC") panel physician, Rothman Orthopedic.

18. After visiting Rothman Orthopedic, Plaintiff was released to work on light duty.

19. Plaintiff was assigned a Case Manager, Paige Reese ("Reese"), who was handling his WC claim and advised him that all medical information from Rothman Orthopedic would be provided to Defendant.

20. On or about April 10, 2026, after undergoing an MRI, Rothman Orthopedic provided an updated medical note diagnosing Plaintiff with lumbar radiculopathy, classifying him as temporarily "totally disabled from employment activities," and placing him out of work as of that day.

21. The April 10, 2026 medical note also advised that Plaintiff was scheduled for another medical appointment on May 4, 2026.

22. During this same week, from on or about April 6, 2026 through April 10, 2026, Plaintiff was on FMLA leave to care for his newborn child.

23. Until his doctor placed him out of work for his own medical condition, Plaintiff was scheduled to return from FMLA/parental leave on or about April 13, 2026.

24. On or about April 14, 2026, Dougherty messaged Plaintiff via text and asked why he did not return to work.

25. Plaintiff responded that Rothman Orthopedic did not permit him to return to work and inquired if Defendant received his updated April 10, 2026 medical note, as he expected Reese to provide Defendant with all medical information.

26. Shortly thereafter, Plaintiff provided Defendant a copy of the April 10, 2026 medical note from Rothman Orthopedic.

27. After not receiving a response or confirmation of receipt from Dougherty, Plaintiff messaged him again on or about April 15, 2026 inquiring if he “received all the information he needed.”

28. Less than a few hours later, Plaintiff received a notice that he was terminated allegedly for failing to report to work on April 13, 2026 and April 14, 2026.

29. Plaintiff attempted to contact Defendant about his termination but was unable to receive any additional information.

30. Notably, as of April 15, 2025, Plaintiff was eligible for FMLA-qualifying leave for his own medical condition as he had worked the requisite number of hours in a twelve-month period and had not exhausted the FMLA leave he was entitled to.

31. Despite Defendant referring Plaintiff to its very own WC physician panel, Rothman Orthopedic, and being fully aware of Plaintiff’s disabilities and need for a medical leave of absence, Defendant failed to ever advise Plaintiff of his FMLA rights and/or provide him with mandatory FMLA documentation for his own medical condition.

32. Shortly after Plaintiff’s termination, on or about June 15, 2026, Plaintiff was medically permitted to return to work.

33. In essence, at the time of Plaintiff's termination, he only needed an approximate one-month leave of absence, certainly a reasonable accommodation under the ADA and within the permissible amount of leave FMLA affords eligible employees.

34. Defendant's actions therefore leading to Plaintiff's termination are evidence of discrimination/retaliation considering: (1) the timing of Plaintiff's termination only one day after providing Defendant with updated medical documentation requesting reasonable accommodations in the form of medical leave; (2) Defendant never provided Plaintiff with proper FMLA documentation or advised him of his FMLA rights; (3) Defendant failed to properly engage in the interactive process after Plaintiff advised Defendant's management of his April 10, 2026 medical note; and (4) the disputed nature of Defendant's termination justification since Plaintiff was following doctor instructions from Defendant's very own WC panel physician's instructions and was told that a Case Manager would advise Defendant of all medical information.

35. For these reasons, Plaintiff avers that he was terminated because of his reporting of a workplace accident and/or request for WC, request for reasonable accommodations, use of FMLA-qualifying leave, and his actual and/or perceived disabilities.

**COUNT I**
**Violations of the Americans with Disabilities Act, as Amended ("ADA")**
**([1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation; and [3] Failure to Accommodate)**

36. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

37. Plaintiff suffered from qualifying health conditions under the ADA which affected his ability (at times) to perform some daily life activities, such as move, bend, lift and/or work.

38. Despite Plaintiff's aforementioned health conditions and limitations, he was still able to perform the duties of his job well with Defendant, however, Plaintiff did require a reasonable medical accommodation.

39. Plaintiff requested reasonable accommodations from Defendant, including but not limited to a light duty assignment and a leave of absence in conjunction with instructions from Defendant's WC Panel Physician, Rothman Orthopedic.

40. Plaintiff then advised Defendant's management that he would need to miss time from work for treatment to his disabilities.

41. While on a leave of absence, Plaintiff was abruptly terminated.

42. Plaintiff believes and therefore avers that his disabilities were a motivating and/or determinative factor in Defendant's decision to terminate his employment.

43. Plaintiff also believes and avers that he was terminated in retaliation for engaging in protected activity under the ADA, and that Defendant failed to accommodate his reasonable accommodation requests.

44. Defendant's actions as aforesaid constitute violations of the ADA.

**COUNT II**
**Violations of the Family and Medical Leave Act ("FMLA")**
**(Retaliation & Interference)**

45. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

46. After completing one year of employment with Defendant, Plaintiff became an eligible employee under the FMLA and Defendant was an employer subject to the FMLA.

47. Plaintiff suffered from serious health conditions within the meaning of the FMLA.

48. As a result of Plaintiff's aforesaid serious health conditions, Plaintiff required a brief medical leave of absence to treat for and manage his conditions.

49. Plaintiff kept Defendant informed of his serious health conditions and need for medical leave.

50. Plaintiff attempted to exercise his rights under the FMLA by requesting and/or utilizing medical leave but was denied the same without justification.

51. Despite Plaintiff's eligibility for FMLA leave, Defendant failed to advise Plaintiff of his FMLA rights and/or provide him with mandatory FMLA documentation for his own medical condition.

52. Defendant then abruptly terminated Plaintiff on or about April 15, 2026 for completely pretextual reasons.

53. Defendant committed interference and retaliation violations of the FMLA by *inter alia*: (1) terminating Plaintiff for requesting and/or exercising his FMLA rights; (2) taking actions towards him that would dissuade a reasonable person from exercising his rights under the FMLA (such as failing to advise Plaintiff of his FMLA rights and/or provide him with mandatory FMLA documentation despite Plaintiff being eligible for the same while actively on a medical leave of absence); and/or (3) considering Plaintiff's FMLA leave needs in making the decision to terminate his employment.

54. Defendant's actions as aforesaid constitute violations of the FMLA.

**COUNT III**
**Violations of Common Law (Wrongful Discharge)**
**(Retaliation)**

55. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

56. Upon information and belief, Plaintiff was terminated in substantial part for making a claim for workers' compensation benefits and/or seeking workers' compensation benefits and/or for his work-related injuries (as discussed *supra*).

57. It is against Pennsylvania's public policy for an employee to be terminated for making a workers' compensation claim and/or seeking workers' compensation benefits. These actions as aforesaid constitute wrongful termination in Pennsylvania. *See Shick v. Shirey,* 552 Pa. 590, 716 A.2d 1231 (1997); *Rothrock v. Rothrock Motor Sales, Inc.,* 584 Pa. 297, 883 A.2d 511, 516 (2005).

58. Plaintiff's termination creates an inference that such actions were taken in retaliation for making such a claim and/or seeking such benefits.

59. These actions as aforesaid constitute wrongful termination in Pennsylvania.

**WHEREFORE**, Plaintiff prays that this Court enters an Order providing that:

A. Defendant is to promulgate and adhere to a policy prohibiting discrimination and retaliation in the future against any employee(s);

B. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority;

C. Plaintiff is to be awarded liquidated and/or punitive damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate (including but not limited to damages for emotional distress/pain and suffering);

E. Plaintiff is to be awarded the costs and expenses of this action and reasonable attorneys' fees as provided by applicable federal and state law; and

F. Plaintiff is to be given a jury trial as demanded in the caption of this Complaint.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: ______________________

Ari R. Karpf, Esq. (91538)
8 Interplex Drive, Suite 210
Feasterville-Trevose, PA 19053
215-639-0801 (P)
215-639-4970 (F)
akarpf@karpf-law.com

Dated: November 25, 2026

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Anthony Kemp | : | CIVIL ACTION |
| v. | : | |
| | : | |
| Iron Mountain, Inc. d/b/a Iron Mountain | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (x )

| 11/25/2026 | [signature] | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-639-0801 | 215-639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## DESIGNATION FORM

Place of Accident, Incident, or Transaction: Defendants place of business

***RELATED CASE IF ANY:*** Case Number:__________ Judge:__________

1. Does this case involve property included in an earlier numbered suit? Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation. Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

**Civil Litigation Categories**

*A.* ***Federal Question Cases:***

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☐ 8. Employment
- ☐ 9. Labor-Management Relations
- ☒ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief ***see certification below***
- ☐ 16. All Other Federal Question Cases. *(Please specify)*:__________

**B.** ***Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury (*Please specify*):__________
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases: *(Please specify)*__________

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

[ X ] Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

[ ] None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

KEMP, ANTHONY

**(b)** County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210, Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com

## DEFENDANTS

IRON MOUNTAIN, INC. D/B/A IRON MOUNTAIN

County of Residence of First Listed Defendant: Rockingham
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [X] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing **(Do not cite jurisdictional statutes unless diversity)**:
ADA (42USC12101); FMLA (29USC2601)

Brief description of cause:
Violations of the ADA, FMLA, Pennsylvania Common Law and the PHRA.

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ______ DOCKET NUMBER ______

DATE: 11/25/2026 SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______